

# Fourth Court of Appeals
## San Antonio, Texas

October 10, 2022

No. 04-22-00566-CR

Joshua Mathew **TALBOTT**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2022CR4058
Honorable Stephanie R. Boyd, Judge Presiding

# O R D E R

Appellant pled nolo contendre to the charged offense and was sentenced within the terms of a plea bargain. Appellant filed a pro se notice of appeal stating, in part, that he was granted permission to appeal. The trial court's Certification of Defendant's Right of Appeal states this "is a plea-bargain case, and the defendant has NO right of appeal" and "defendant has waived the right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). The clerk's record contains a written plea bargain and a written waiver of appeal, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by appellant; therefore, the trial court's certification accurately reflects that appellant's case is a plea bargain case and appellant does not have a right of appeal. *See* TEX. R. APP. P. 25.2(a)(2).

"In a plea bargain case . . . a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal." TEX. R. APP. P. 25.2(a)(2). The clerk's record does not contain a written motion ruled on before trial nor does it indicate the trial court granted appellant permission to appeal. This court must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made a part of the record." TEX. R. APP. P. 25.2(d).

It is therefore ORDERED this appeal will be dismissed pursuant to Texas Rule of Appellate Procedure 25.2(d), unless an amended trial court certification that shows appellant has the right of appeal has been made part of the appellate record by **November 9, 2022.** *See* TEX. R. APP. P. 25.2(d), 37.1; *see also Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005); *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, no pet.).

FILE COPY

All other appellate deadlines are SUSPENDED pending our resolution of the certification issue.

_____
Lori I. Valenzuela, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 10th day of October, 2022.



_____
MICHAEL A. CRUZ, Clerk of Court